IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Craig Evans, | ) | C/A No. 0:20-2001-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social | ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, | ) | |
| | ) | ☒  Affirmed |
| Defendant. | ) | ☐  Reversed and Remanded |
| | ) | |

   This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

## Part I—Plaintiff seeks:

☒  Supplemental Security Income ("SSI")

   Application date: <u>November 2, 2017</u>[1]  Plaintiff's age at filing: <u>54</u>

☐  Disability Insurance Benefits ("DIB")

   Date last insured:

☐  Other:

Plaintiff's Year of Birth: <u>1963</u>

Plaintiff's alleged onset date: <u>September 19, 2017</u>

## Part II—Social Security Disability Generally

   Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); <u>see also</u> <u>Blalock v. Richardson</u>, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. <u>Id.</u>

---

[1] The ALJ's decision indicates that the Plaintiff filed his application on his alleged onset date; however, the Plaintiff and the record indicate that he applied on November 2, 2017. (Pl.'s Br. at 1, ECF 18 at 1; Tr.156.)

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  August 7, 2019

In applying the requisite five-step sequential process, the ALJ found:

Step 1:    Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:    ☒ Plaintiff has the following severe impairments:
Lumbar degenerative disc disease and left shoulder bursitis.

☐ Plaintiff does not have a severe impairment.

Step 3:    ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    Plaintiff's Residual Functional Capacity is as follows:
[T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except that he is limited to frequent climbing ramps, stairs, ropes, ladders, scaffolds, and frequent stooping, kneeling, crouching, and crawling. He is limited to frequent overhead reaching with his left upper extremity and should avoid concentrated exposure to hazards.

☒ Plaintiff could return to his/her past relevant work as a laundry worker.

Step 5:    ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ In the alternative, if Plaintiff could not return to his/her past relevant work, there are jobs in the national economy that Plaintiff can perform, as follows:
Industrial cleaner (DOT #381.687-018), of which 1,361,600 jobs exist in the national economy; salvage laborer (DOT #929.687-022), of which 80,500 jobs exist in the national economy; and auto detailer (DOT #915.687-034), of which 197,300 jobs exist in the national economy.

Date of Appeals Council decision:  May 8, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

    1.  Did the administrative law judge commit reversible error by failing to account for all evidence of record submitted after the reconsideration decision? . . .

    2.  Did the administrative law judge commit reversible error by failing to properly weight the opinion evidence of record? . . .

(Pl.'s Br. at 1, ECF No. 18 at 1.)

**Oral Argument:**

    ☒ **Held on February 23, 2021**

    ☐ **Not necessary for disposition**

**Summary of Reasons**[2]

**A.     Evidence Submitted Following the Opinions of the State Agency Record Reviewers**

- In reviewing an ALJ's decision, the United States Court of Appeals for the Fourth Circuit has repeatedly stated that "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); see also Arakas v. Comm'r, 983 F.3d 83, 98 (4th Cir. 2020). Moreover, an ALJ continues to have an obligation to "include a narrative discussion describing how the evidence supports each conclusion." Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)); see also SSR 96-8p. Similarly, remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated. Mascio, 780 F.3d 636-37. The ALJ must "build an accurate and logical bridge from the evidence to his conclusions." Monroe, 826 F.3d at 189.

---

[2] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017 and are applicable to the instant claim because it was filed on or after March 27, 2017. See, e.g., 20 C.F.R. §§ 416.913, 416.927.

- Plaintiff argues that following the opinions from the state agency records reviewers (dated March 2018 and May 2018) that Plaintiff could perform a range of medium work, on July 13, 2018 an updated MRI of Plaintiff's lumbar spine was performed indicating a worsening of his lumbar spine since the January 30, 2018 x-ray indicating mild lumbar degenerative disc disease. Specifically, Plaintiff argues the new MRI indicates "mild canal narrowing with mild bilateral neural foraminal narrowing at L2-3; moderate canal narrowing and moderate to severe bilateral neural foraminal narrowing at L3-4; moderate canal narrowing and moderate bilateral foraminal narrowing at L4-5; and moderate bilateral neural foraminal narrowing at L5-S1." (Pl.'s Br. at 5, ECF No. 18 at 5) (citing Tr. 423-24).

- However, as argued by the Commissioner, the ALJ mentioned this MRI in his decision as well as the subsequent treatment notes. (See Tr. 18-19.) Further, the ALJ found that considering the record as a whole, the objective evidence of Plaintiff's back impairment "includes only mild to moderate findings on examination, such as tenderness and muscle spasm. The remainder of findings are normal, including normal strength and sensation, negative straight leg raise, and normal gait (5F/6, 10, 29; 7F; 9F; 29F)." (Tr. 19.) Additionally, in considering the state agency reviewers' opinions, the ALJ found not only were those opinions well supported at the time they were rendered but also that "they remain consistent with the record as a whole even though the evidentiary foundation has broadened with additional evidence being adduced." (Tr. 20.) The ALJ continued, finding as follows:

  > The opinions are consistent with additional objective evidence in the record which does not show any worsening of the claimant's back or shoulder impairment; findings on examination are normal to mild, with normal strength, negative straight leg raise and normal ambulation; the claimant also reported improvement of his symptoms with a combination of physical therapy, medication, and injections (29F). I find the opinion persuasive as of the time the opinion was rendered, however, the opinion was predicated only on a severe lumbar impairment. Additional treatment records have been submitted while not significantly [at] variance with treatment records prior to the opinion being rendered the claimant has now been diagnosed with a severe impairment to the right shoulder and recent magnetic imaging reveals significant foraminal narrowing (Exhibit 20F). Based on the claimant's shoulder impairment limitations were imposed with respect to overhead reaching with the left upper extremity. In addition, based on the combined effects of the claimant's lumbar spine and left shoulder restrictions with respect to stooping, kneeling, crouching, crawling and ramps and stairs were imposed. Similarly, restrictions with respect to hazards were imposed based on the combined effects of all of the claimant's impairments.

  (Tr. 20.)

- Contrary to Plaintiff's arguments, the ALJ's decision reflects consideration of all of the evidence of record, including the evidence post-dating the opinions of the state agency

record reviewers in formulating Plaintiff's residual functional capacity, and the ALJ built a sufficiently "accurate and logical bridge from the evidence to his conclusions." Monroe, 826 F.3d at 189. During oral argument, Plaintiff argued that the ALJ "cherrypicked" the record by failing to mention a record dated July 31, 2018 indicating that Plaintiff exhibited a positive straight leg raise. (See Tr. 471.) As stated above, an ALJ "cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Lewis, 858 F.3d at 869. The court may not analyze the facts and reweigh the evidence presented, as such action is contrary to the substantial evidence standard of review that this court is bound to apply at this stage in the proceedings. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Blalock, 483 F.2d at 775 (indicating that even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence). Although the ALJ failed to mention this one isolated record indicating a positive straight leg raise, he discussed numerous other records during that time. (See Tr. 18-19.) Accordingly, the court finds that Plaintiff has failed to demonstrate that the ALJ's evaluation of this evidence is unsupported by substantial evidence. See Jackson v. Astrue, C/A No. 8:08-2855-JFA-BHH, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) ("[A]n ALJ is not required to provide a written evaluation of every piece of evidence, but need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions.") (citations omitted); see also Owens v. Colvin, No. 0:13-CV-386-BHH, 2014 WL 7043215, at *4 (D.S.C. Dec. 12, 2014) ("Simply because the plaintiff can produce conflicting evidence which might have resulted in a contrary interpretation is of no moment.") (citing Blalock, 483 F.2d at 775).

**B.     Consultative Examination**

- Plaintiff challenges the ALJ's evaluation of the opinion evidence from the consultative examiner, Dr. Gordon Early. Pertinent here, effective March 27, 2017 the federal regulations were amended with regard to applications filed on or after March 27, 2017 to rescind the provision that a treating physician opinion must be accorded controlling weight in certain circumstances. However, although the new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources," the ALJ is still directed to weigh them pursuant to the same factors previously provided for weighing opinion evidence. See 20 C.F.R. § 416.920c. The ALJs are instructed to consider and evaluate the persuasiveness of the opinion evidence considering supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion. Id. Supportability and consistency are the most important factors to consider, and an ALJ must explain how these factors are considered. The ALJ may, but is not required to, explain how the other factors are considered. Id.

- The ALJ considered and evaluated Dr. Early's opinion as follows:

  > I have considered the opinion from the medical consultative examiner Gordon Early, M.D., and find it unpersuasive (7F). His opinion that the claimant is a poor candidate for heavy work due to low back pain appears to be on an issue reserved to the Commission. In addition, the opinion is vague in that it does not set forth the claimant's limitations in function-by-function vocationally relevant terms. I note his limited findings on examination, a slightly reduced range of motion in the lumbar spine, but still find the opinion rendered to be unsupported with his findings on examination and inconsistent with the longitudinal record of evidence (7F).

  (Tr. 20-21.)

- Plaintiff challenges the ALJ's statement that Dr. Early's opinion that Plaintiff "is a poor candidate for the heavy work that he has done previously" appears to be an issue reserved to the Commissioner (Tr. 326), as the opinion is not simply stating that Plaintiff is disabled; rather, it is opining as to a physical limitation, i.e. Plaintiff cannot perform heavy lifting. Earlier in the opinion Dr. Early summarized Plaintiff's prior work, including Plaintiff's laundry work. Dr. Early indicated that it was a "rather heavy lifting job" and involved lifting "heavy bundles of dry and wet laundry." (Tr. 325.) However, even if this opinion is not one reserved to the Commissioner, the ALJ went on to weigh Dr. Early's opinion in accordance with the applicable law. See 20 C.F.R. § 416.920c; see also § 416.920b. In weighing Dr. Early's opinion, the ALJ also focused on the supportability and consistency of the opinion and found that limiting Plaintiff further was inconsistent with Dr. Early's limited findings and the longitudinal record, which the ALJ discussed earlier in the decision. (Tr. 18-19.) The ALJ cited examples from Dr. Early's examination findings as well as later treatment records from late 2018-early 2019 that suggested to the ALJ improvement in Plaintiff's back pain and that additional limitations were not warranted. (Id.) Based on the foregoing, the court finds that Plaintiff has failed to demonstrate that the ALJ's evaluation of Dr. Early's opinions is unsupported by substantial evidence or based on an incorrect application of the law. See also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted).

## ORDER

☒ **Affirmed for the reasons stated above. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐ **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
February 26, 2021                          Paige J. Gossett
Columbia, South Carolina           UNITED STATES MAGISTRATE JUDGE